# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**GEORGE BENJAMIN STONER,**

    **Plaintiff,**

vs.                                                              Case No. 1:23cv236-AW-MAF

**DEPARTMENT OF THE
TREASURY, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

    This case was initiated on September 12, 2023, upon receipt of a civil complaint submitted by pro se Plaintiff George Benjamin Stoner. ECF No. 1. On the first page of the complaint form, Plaintiff provided his name, address, telephone number, and an email address. *Id.* at 1. The Clerk of Court used that address - a residential address in Melbourne, Florida - as Plaintiff's official mailing address and, indeed, that had been the address listed for Plaintiff on the docket.

    However, Plaintiff did not properly sign the complaint on the last page of the form. Instead, he provided the name of an attorney, ECF No. 1 at 5,

but a notice of appearance of counsel was never filed and the complaint was obviously not drafted by a lawyer.  Moreover, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion.  An Order was entered directing Plaintiff to do one or the other by October 16, 2023.  ECF No. 4.  The Order also required Plaintiff to submit an amended complaint containing his original signature.  *Id.*  When that deadline passed without a response, a Report and Recommendation was entered to dismiss this case.  ECF No. 5.

Thereafter, while reviewing the status of this case a week later, a complication was noted.  Upon review of Plaintiff's complaint, it appeared that Plaintiff mailed the complaint to this Court from a Correctional Institution.  *See* ECF No. 1 at 6.  The address listed for Plaintiff on the mailing envelope was at Cross City Correctional Institution, not in Melbourne, Florida.  *Id.*  Additionally, Plaintiff provided a letter to the Clerk with his complaint which contained a D.O.C. stamp showing it was given "to Cross City C.I." on September 7th "for mailing."  *Id.* at 10.

In light thereof, it appeared that Plaintiff never received the first Order, ECF No. 4, which was mailed to the Melbourne address.  Thus, the Court *sua sponte* vacated the Report and Recommendation, ECF No. 5,

and the Clerk of Court was directed to correct the docket and update Plaintiff's mailing address to show he is incarcerated at Cross City Correctional Institution East Unit (using the address provided on Plaintiff's mailing envelope). ECF No. 6. Plaintiff was given additional time to file a proper complaint and either pay the filing fee for this case or submit an in forma pauperis motion. *Id.* Plaintiff's deadline to comply was **November 27, 2023**. *Id.*

It appears that Plaintiff received that Order as he filed a response to it explaining why he had not signed the initial complaint. ECF No. 7 at 1. Plaintiff indicated that an attorney was going to pay the filing fee on his behalf. *Id.* As of this date, the filing fee has not been paid nor has a proper complaint been filed. Because Plaintiff had been warned that failure to comply would result in entry of a recommendation to dismiss this case, *see* ECF No. 6 at 4, it is now appropriate to do so. Dismissal should be without prejudice for failure to prosecute, which will permit Plaintiff's attorney to re-file this case when counsel is able to do so, if that is still Plaintiff's desire.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No.

Case No. 1:23cv236-AW-MAF

3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and comply with a Court Order.

Case No. 1:23cv236-AW-MAF

**IN CHAMBERS** at Tallahassee, Florida, on December 7, 2023.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.